**MIAMI FREE ZONE CORPORATION,**
Plaintiff,

v.

**FOREIGN–TRADE ZONES BOARD,**
**Department of Commerce, and the**
**United States, Defendants,**

and

**Wynwood Community Economic Development Corporation, Inc., and Dade Foreign Trade Zone, Incorporated, Defendants–Intervenors.**

Slip Op. 96–180.
Court No. 93–06–00324.

United States Court of
International Trade.

Nov. 7, 1996.

Sandler, Travis & Rosenberg, P.A., Miami, FL (Gilbert Lee Sandler, Edward M. Joffe, Arthur K. Purcell), for plaintiff.

Frank W. Hunger, Assistant Attorney General of the United States, Washington, DC; Joseph I. Liebman, Attorney-in-Charge, International Trade Field Office, Commercial Litigation Branch, Civil Division, United States Department of Justice, New York City (Bruce N. Stratvert, Carla Garcia–Benitez); Robert J. Heilferty, Attorney–Advisor, Office of the General Counsel, United States Department of Commerce, Washington, DC, of counsel, for defendants.

Hogan & Hartson L.L.P., Washington, DC (Lewis E. Leibowitz, David G. Leitch, Timothy C. Stanceu, Joanne L. Leasure), for defendants-intervenors.

## OPINION

CARMAN, Chief Judge:

Miami Free Zone Corporation[1] (MFZC) challenges the Foreign–Trade Zones Board's (FTZB or Board) *Remand Determination* which explains the Board's basis for granting defendant-intervenor Wynwood Community Economic Development Corporation, Inc. (Wynwood or WCEDC) the right to establish, operate and maintain a third general-purpose foreign-trade zone (FTZ) within the Miami Customs port of entry. *See Remand Determination: Miami Free Zone Corporation v. United States*, 93–06–00324 (*Remand Determination*). Plaintiff asserts the Board's grant is not supported by substantial evidence on the record, and therefore must be reversed. Defendant and defendant-intervenors urge this Court to affirm the Board's *Remand Determination.* This Court has jurisdiction under 28 U.S.C. § 1581(i)(1), (4) (1988) and, for the reasons given below, upholds the Board's *Remand Determination* finding it is not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law and that the Board's *Remand Determination* is supported by substantial record evidence.

## BACKGROUND

This case is presently before the Court after remand to the Foreign–Trade Zones Board. *See Miami Free Zone Corp. v. Foreign–Trade Zones Board,* 914 F.Supp. 620 (CIT 1996) (*Miami Free Zone I* ). In *Miami Free Zone I,* plaintiff challenged the FTZB's granting Wynwood the authority to establish, operate and maintain a general purpose foreign-trade zone in the Miami Customs port of entry. Plaintiff requested the Board's grant be vacated and the matter remanded so that an evidentiary hearing could be held concerning the creation of a FTZ in Wynwood, Florida. Plaintiff asserted the Board's failure to hold an evidentiary hearing on the creation of an additional FTZ in the Miami Customs port of entry violated plaintiff's right, under the Fifth Amendment's Due Process Clause, to a hearing before its property interest in FTZ No. 32 was diminished. Additionally,

plaintiff asserted the Board's grant violated the statutory requirement that an existing FTZ be found inadequate to serve the "convenience of commerce" before an additional FTZ could be created in the same Customs port of entry. *See* 19 U.S.C. § 81b(b) (1988). Finally, plaintiff asserted the Board's failure to offer it a right of first refusal to operate the FTZ in Wynwood precluded the Board from finding FTZ No. 32 inadequate to serve the convenience of commerce.

While the Court in *Miami Free Zone I* denied plaintiff's request for a remand in order to hold an evidentiary hearing, it did order a remand of the Board's grant. The Court determined a remand was necessary because "the Court [could not] ascertain ... what factors served as the basis for the Board's approval of the Wynwood application, and ... [could not] discern whether the Board performed the appropriate statutory analysis [in approving the grant]." *Miami Free Zone I*, 914 F.Supp. at 629. Accordingly, the Court remanded the Board's decision in order to provide the Board an opportunity to "explain fully its basis for approving the Wynwood application and point out what evidence on the record it relied upon in reaching that determination." *Id.* at 630.

The *Remand Determination,* dated February 8, 1996, identifies four factors which the Board relied on in granting WCEDC the authority to operate a FTZ in Wynwood. Those factors are: (1). the growing demand for international trade and FTZ services resulting from increased levels of international trade in the Port of Miami entry area; (2). the need for FTZ services in the Wynwood area; (3). the competitive effect on existing FTZs that is expected to result from the creation of a FTZ in the Wynwood area; and (4). the support for establishing a FTZ in the Wynwood area expressed by local and state officials. The *Remand Determination* asserts the findings with respect to these four factors satisfy the Board's statutory obligations in creating an additional FTZ in the

1. Miami Free Zone Corporation (MFZC) operates FTZ No. 32, one of two general-purpose foreign-trade zones in the Miami Customs port of entry area. A second general-purpose FTZ in the Miami Customs port of entry area, FTZ No. 166, is located in Homestead, Florida. *See Miami Free Zone Corp. v. United States*, 914 F.Supp. 620, 622 n. 2 (CIT 1996); *see also Remand Determination: Miami Free Zone Corporation v. United States*, 93–06–00324 (*Remand Determination* ) at 1.

Miami Customs port of entry, and therefore the Board's grant to WCEDC should be affirmed by this Court.

CONTENTS OF THE PARTIES

A. *Plaintiff*

The Miami Free Zone Corporation asserts the evidence relied upon in the Board's *Remand Determination* does not support the Board's finding FTZ No. 32 inadequate to serve the convenience of commerce. Specifically, plaintiff raises six objections to the Board's *Remand Determination.* First, plaintiff asserts the Board's *Remand Determination* should not be upheld because it fails to rely on record evidence in reaching its determination. Plaintiff argues that while the Board's *Remand Determination* cites to the Examiner's Report, it fails to cite to the administrative record, making it "impossible to identify what assertions are supported in the record by evidence and what assertions are not." (Pl's Comm. in Opp'n to Remand Determ. at 2.)

Second, plaintiff asserts the failure of the Board's *Remand Determination* to "mention—must [sic] less assess or evaluate—the adequacy of FTZ 32 services" constitutes a fatal flaw requiring reversal of the Board's determination. (*Id.*) In arguing that its FTZ serves the convenience of commerce, plaintiff asserts FTZ No. 32 has met fully the need for FTZ activities within the Port of Miami, and notes that MFZC has expressed its capacity and willingness to expand to meet the need for additional FTZ services in the Miami Customs port of entry.

Third, plaintiff contends the Board's *Remand Determination* must be reversed because it relies on irrelevant facts and unsupported assertions. Plaintiff challenges the four findings the Board relied on in concluding FTZ No. 32 is inadequate to serve the convenience of commerce,[2] noting they are "not relevant to the question of the services available under FTZ No. 32 and their ade-

quacy to serve the convenience of commerce." (*Id.* at 3.) Plaintiff asserts the issue raised by this case is "not whether additional zone activity should be authorized in Wynwood," but rather "whether an additional grant is needed within the port." (*Id.* at 4 (emphasis omitted).)

Fourth, plaintiff argues there is no evidence in the administrative record supporting the Board's determination that FTZ No. 32 could not serve the convenience of commerce. Specifically, plaintiff asserts several of the Board's findings are irrelevant to its conclusion that FTZ No. 32 is inadequate to serve the convenience of commerce. Plaintiff challenges, as contrary to "both the statute and the long-standing practice," the Board's conclusion that FTZ No. 32 is inadequate to serve the convenience of commerce because it is not located within the city limits of Miami and because it is further from the seaport than the Wynwood zone. (*Id.* at 5.) Additionally, plaintiff asserts the Board's reliance on a survey of 190 businesses which revealed interest in an additional FTZ in Wynwood was inappropriate because the survey did not address the adequacy of the existing services available at FTZ No. 32. Plaintiff also argues the Board's observation that international trade is growing in Miami is irrelevant to its conclusion that FTZ No. 32 is inadequate to serve the convenience of commerce. Finally, plaintiff claims Wynwood's application for a general purpose zone and the Board's approval of a thirteen acre FTZ is at odds with Wynwood's desire to provide processing and manufacturing capabilities for large-scale users.

Fifth, plaintiff asserts three of the other findings in the Board's *Remand Determination* are legally irrelevant in determining whether FTZ No. 32 adequately serves the convenience of commerce. Plaintiff argues the Board's reliance on WCEDC's promise not to duplicate the services available in FTZ No. 32 is inappropriate. Additionally, plain-

---

2. As a basis for its conclusion that FTZ No. 32 was inadequate to serve the convenience of commerce, the Board noted: (1) international trade is increasing in the Port of Miami; (2) the desire for zone services in the Wynwood area has been expressed; (3) FTZ No. 32 would not experience significant competitive effects from the creation of a FTZ in Wynwood; and (4) officials of the state and local governments support efforts to promote economic development in Wynwood. (*Remand Determination* at 3–8.)

tiff criticizes the Board's consideration of the local political support for creating a FTZ in Wynwood and the defendant-intervenors' assertion that the Wynwood zone would focus on the concerns of the community. Plaintiff argues these three findings are legally irrelevant because they do not address the statutorily imposed test of whether FTZ No. 32 is serving the convenience of commerce.

Finally, plaintiff asserts the Board's grant fails to give appropriate weight to record evidence indicating that the convenience of commerce will not be served by the creation of an additional FTZ in Wynwood. Plaintiff asserts "the existing, operating zone represents a substantial private investment in the community which has served as a significant contributor to the growing international trade economy in South Florida since 1979. Authorization of the Wynwood grant will only result in servicing trade indistinguishable from the trade serviced by FTZ 32, will cause dislocations of trade within the port, and will accomplish this at public expense." (Pl's Comm. in Opp'n to Remand Determ. at 9–10.)

### B. Defendants

In response, defendants assert MFZC has failed to demonstrate the *Remand Determination* is arbitrary or capricious, an abuse of discretion, or contrary to law and therefore it should be affirmed. Defendants argue the *Remand Determination* should be affirmed because the Board carefully evaluated the facts presented by the Wynwood application and articulated an explanation for its decision which is rationally related to the facts found. Specifically, defendant notes that in considering Wynwood's application the Board took into account: the volume of trade flowing through the port of Miami and the increasing demand for international trade and FTZ services; the Wynwood community's need for FTZ services; the effect creation of a FTZ in Wynwood would have on FTZ No. 32 and the FTZ in Homestead; and the support expressed by local and state officials for the creation of an additional FTZ in Wynwood.

Additionally, defendants assert the Board's "'sufficiently reasonable' [interpretation of the statute] should be treated with deference by this Court." (Fed.Defs.' Reply to Pl.'s Comm. in Opp'n to Remand Determ. (Fed. Def's Reply) at 3 (quoting *American Lamb Co. v. United States*, 785 F.2d 994, 1001 (Fed.Cir.1986)).) The Board notes "convenience of commerce" is not defined by the statute, and that "[w]here Congress has not spoken on the proper interpretation of a phrase, 'it is well settled that an agency's interpretation of the statute it has been entrusted by Congress to administer is to be upheld unless it is unreasonable.'" (Fed. Def's Reply at 3 (quoting *U.H.F.C., Co. v. United States*, 916 F.2d 689, 698 (Fed.Cir. 1990)).)

Finally, the Board challenges several comments and claims made by plaintiff in its submissions to this Court. Defendant asserts MFZC's claim that the approval of additional general purpose FTZs within a port of entry involve "'very particular, special needs or agreement among the grantees,' is carefree in its failure to cite any support or basis in fact." (Fed.Defs' Reply at 4 (quoting Pl's Comm. in Opp'n to Remand Determ. at 4).) Additionally, defendants challenge MFZC's claim that the Board's standard practice is to approve one grant per port. Defendants also assert MFZC's comments mischaracterize the Board's reliance on the growth of international trade in Miami as the sole justification for the grant of an additional zone, when it was only one factor the Board relied on in reaching its decision. Finally, defendants claim MFZC's statement that manufacturing activities are prohibited in the Wynwood zone is misleading. Defendants contend the Wynwood FTZ would be authorized to engage in manufacturing activities after notifying the Board for approval.

### C. Defendant–Intervenors

Defendant–Intervenors raise three arguments in support of the Board's *Remand Determination*. First, defendant-intervenors argue the *Remand Determination* should be sustained because the Board has broad authority to administer the Foreign Trade Zone Act. In support of this argument, defendant-intervenors note that "the Board[ ] [has] a 'wide latitude of judgment ... to respond to and resolve the changing

needs of domestic and foreign commerce through the trade zone concept.'" (Def.–Intervenors' Resp. to Pl's Comm. in Opp'n to Remand (Def.–Intervenors' Resp.) at 2 (quoting *Miami Free Zone I,* 914 F.Supp. at 629 (quoting *Armco Steel Corp. v. Stans,* 431 F.2d 779, 788 (2d Cir.1970)).)

Second, defendant-intervenors claim substantial evidence supports the Board's grant to Wynwood. Defendant-intervenors argue the Board did consider whether FTZ No. 32 adequately serves the convenience of commerce. In support of this position, defendant-intervenors note the *Remand Determination*'s consideration of the distance between the seaport and FTZ No. 32 as well as the 190–company survey's conclusion that "existing foreign-trade zone facilities in the Miami area are not fully serving the needs of the ocean freight-related activity near the Port of Miami." (*Id.* at 3 (quoting *Remand Determination* at 5).)

Finally, defendant-intervenors assert plaintiff's concession of the need for zone operations in Wynwood justifies sustaining the Board's *Remand Determination.* Defendant-intervenors argue "[p]laintiff's self-proclaimed desire and 'willingness to expand' negates its own argument that FTZ 32 is adequate to serve the convenience of commerce," and "[t]his concession demonstrates that the Board properly approved the Wynwood grant." (Def.–Intervenors' Resp. at 5.)

## STANDARD OF REVIEW

The standard of review this Court will apply in reviewing decisions of the Board is set forth in *Conoco, Inc. v. United States,* 855 F.Supp. 1306, 1310–11 (CIT 1994) (*Conoco III*). *See also Conoco, Inc. v. United States,* 885 F.Supp. 257, 262 (CIT 1995) (*Conoco IV*) (reiterating the standard of review set forth in *Conoco III*), *aff'd sub nom. Citgo Petro. Corp. v. U.S. Foreign–Trade Zones Bd.,* 83 F.3d 397 (Fed.Cir.1996); *Phibro Energy, Inc. v. Brown,* 886 F.Supp. 863, 868 (CIT 1995) (same). Based on the standards prescribed by 5 U.S.C. § 706, this "Court must first 'decide whether the [Board] acted within the scope of [its] authority' in order to determine whether the Board's action violated § 706(2)(C)." *Conoco III,* 855 F.Supp. at

1311 (quoting *Citizens to Preserve Overton Park, Inc. v. Volpe,* 401 U.S. 402, 415, 91 S.Ct. 814, 823, 28 L.Ed.2d 136 (1971) (further citation omitted)) (bracketed text inserted in *Conoco III*). If this Court determines the Board acted within the scope of its authority, "the Court may then consider whether the Board's action was 'arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law' in violation of § 706(2)(A)." *Id.* (quoting 5 U.S.C. § 706(2)(A) (1988) and *Citizens to Preserve Overton Park,* 401 U.S. at 416, 91 S.Ct. at 823).

## DISCUSSION

■ This Court has recognized previously the Board's "'wide latitude of judgment ... to respond to and resolve the changing needs of domestic and foreign commerce through the trade zone concept.'" *Miami Free Zone I,* 914 F.Supp. at 629 (quoting *Armco Steel Corp. v. Stans,* 431 F.2d 779, 788 (2d Cir. 1970). Nevertheless, this Court will sustain only those determinations where (1) "the [Board] acted within the scope of [its] authority"; and (2) "the Board's action was [not] 'arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.'" *Id.* at 627.

### A. *The Board's Statutory Authority*

■ The statutory language establishing the Board's powers clearly authorizes the Board to create multiple FTZs within the same Customs port of entry. The Foreign Trade Zone Act provides:

Each port of entry shall be entitled to at least one zone, but when a port of entry is located within the confines of more than one State such port of entry shall be entitled to a zone in each of such States, and when two cities separated by water are embraced in one port of entry, a zone may be authorized in each of said cities or in territory adjacent thereto. *Zones in addition to those to which a port of entry is entitled shall be authorized only if the Board finds that existing or authorized zones will not adequately serve the convenience of commerce.*

19 U.S.C. § 81b(b) (1988) (emphasis added). Accordingly, the Court will turn to the question of whether the Board's conclusion that existing FTZs within the Miami Customs port of entry do not adequately serve the convenience of commerce[3] is arbitrary, capricious, an abuse of discretion, or is otherwise not in accordance with law.

## B. *The Convenience of Commerce*

While this Court previously noted "[d]efendant's briefs to this Court do appear to marshal sufficient and appropriate evidence supporting the Board's approval of the Wynwood application," the Court remanded the Board's grant because "no such evidence [was] discussed or pointed out ... in the *Wynwood Grant.*" *Miami Free Zone I,* 914 F.Supp. at 629. In reviewing the four factors presented by the Board in support of its conclusion that the existing FTZs within the Miami Customs port of entry do not serve the convenience of commerce, the Court finds the Board's grant to Wynwood is not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law and is supported by substantial record evidence.

■ The Board's first basis for its conclusion the existing FTZs do not serve the convenience of commerce is the high level of international trade passing through the Miami Customs port of entry and the rising demand for international trade services. The Examiner's Report, adopted by the FTZB in the Wynwood grant, notes "[o]ther major U.S. port communities have multiple zone projects and the level of international trade in Miami implies a high level of demand for zone services and provides a general basis for the consideration of approving additional zone services for an area." (*Remand Determination* at 3 (quoting P.R. 105 at 9–10).)

The Court notes the statutory language requires the Board to make a finding that an existing FTZ "will not" serve the convenience of commerce. *See* 19 U.S.C. § 81b(b) (1988) (authorization of additional FTZs is appropriate "only if the Board finds that existing or authorized zones will not adequately serve the convenience of commerce"). Based on the present levels of international trade passing through the Miami Customs port of entry and the projected growth in trade, the Board's determination that "the convenience of commerce [in the Miami port of entry] would be served by a higher level of zone services" (*Remand Determination* at 4.) is reasonable. "Although this [Court's] inquiry into the facts is to be searching and careful, the ultimate standard of review is a narrow one. The court is not empowered to substitute its judgment for that of the agency." *Citizens to Preserve Overton Park, Inc. v. Volpe,* 401 U.S. 402, 416, 91 S.Ct. 814, 824, 28 L.Ed.2d 136 (1971). Therefore, the Court finds the Board's determination that the existing FTZs are not adequate to serve the convenience of commerce due to the rising demand for international trade services is not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.

■ Second, the Board's *Remand Determination* asserts the existing FTZs are inadequate to serve the convenience of commerce with respect to cargo shipped into and out of the Miami seaport complex. The *Remand Determination* notes Wynwood is located within two miles of the Miami seaport, while FTZ No. 32 is approximately fourteen miles from the seaport. Additionally, the *Remand Determination* refers to a study commissioned by WCEDC which surveyed 190 companies and found "existing foreign-trade zone facilities in the Miami area are not fully serving the needs of the ocean freight-related activity near the Port of Miami." (*Remand Determination* at 5 (citing P.R. 105 at 7).) The study also noted that "while the majority of FTZ 32's incoming shipments arrive at the port, most leave from the airport. Wynwood is seeking to attract users whose inbound and outbound shipments require ocean freight." (*Remand Determination* at 5 (quoting P.R. 105 at 9).)

3. The Board "adopted the findings of the examiner that the existing zones would 'not adequately serve the convenience of commerce' and the conclusion that 'there is adequate evidence of the need for the additional zone project to serve the convenience of commerce in the Miami Customs Port of Entry area.'" (*Remand Determination* at 1–2.)

The Court finds especially relevant the expressed desire for additional FTZ services, particularly services made available by a FTZ located proximately to the Miami seaport, made by companies which are not current tenants in FTZ No. 32. Accordingly, the Court finds the Board's determination that the existing FTZs are inadequate to serve the convenience of commerce, based on the expressed desire for FTZ services located proximately to the Miami seaport, is not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.

■ The third basis for the Board's grant to Wynwood discussed in the *Remand Determination* is the determination that the creation of an additional FTZ in Wynwood would have little or no competitive effect on existing FTZs. In reaching this conclusion, the Board considered the possibility that the creation of an additional FTZ in the Miami Customs port of entry would result in the duplication of FTZ services. The *Remand Determination* notes "[t]he examiner reported to the Board that the focus of the Wynwood zone would differ from that of FTZ 32 by 'provid[ing] zone services for the Wynwood community and the related economic development project.'" (*Remand Determination* at 6 (quoting P.R. 105 at 10).) The Examiner's Report found the services offered in Wynwood were not intended to duplicate zone services already available in the Miami area, although the examiner did concede there might be some small degree of overlap.

Similar to the analysis above, the Court notes the *Remand Determination*'s observation that "[o]f the several companies identified by WCEDC as prospects, none are tenants of the existing zones." (*Remand Determination* at 6–7 (quoting P.R. 105 at 9).) The Court finds the Board's determination that the existing FTZs are inadequate to serve the convenience of commerce based on its conclusion the Wynwood FTZ will not offer services which compete with existing FTZs is not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.

■ Finally, the *Remand Determination* notes the support of state and local officials for additional zone services as a basis for the Board's determination that the convenience of commerce would be served by the creation of an additional FTZ in the Miami Customs port of entry. The *Remand Determination* notes comments in the Examiner's Report that "any incidental competitive effects for the FTZ 32 operator are outweighed by the significant public benefits resulting from assisting the economic development of the Wynwood area, which state and local officials have indicated, through their programs and assistance such as the state enterprise zone, is in the public interest." (*Remand Determination* at 7–8 (quoting P.R. 105 at 10).)

In *Miami Free Zone I*, this Court made an effort to distinguish "public interest" factors from "convenience of commerce" analysis. The Court noted that "[w]hile 'public interest' considerations may play a role in a 'convenience of commerce' analysis, the terms are not necessarily synonymous. 'Public interest' is a broader term, and hence public interest considerations may include factors largely unrelated to the 'convenience of commerce.'" *Miami Free Zone I*, 914 F.Supp. at 629. The Court observes under the facts of this case, while the support for the application by state and local officials may serve as some evidence of commercial convenience, it is clear that such support standing alone would not constitute sufficient evidence to uphold the Board's grant. The first three factors raised by the Board in support of its grant to Wynwood, however, provide a sufficient basis for this Court to uphold the Board's determination that "the existing zones would 'not adequately serve the convenience of commerce' and the conclusion that 'there is adequate evidence of the need for the additional zone project to serve the convenience of commerce in the Miami Customs Port of Entry area.'" (Remand Determination at 1–2 (quoting P.R. 105 at 10–11).)

CONCLUSION

This Court finds the Foreign–Trade Zones Board acted within the scope of its authority in granting an additional general-purpose foreign-trade zone within the Miami Customs port of entry, based on its determination that the existing foreign-trade zones operating

within the Miami Customs port of entry are inadequate to serve the convenience of commerce. The Court sustains the Board's grant authorizing the creation of a foreign-trade zone in Wynwood, Florida finding it is supported by substantial record evidence and is not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.

### JUDGMENT ORDER

This matter having been duly submitted for decision and this Court, after due deliberation, having rendered a decision herein; now, in conformity with said decision it is hereby

**ORDERED** that plaintiff's request that this Court reverse the Foreign–Trade Zones Board's granting Wynwood Community Economic Development Corporation, Inc. the right to establish, operate and maintain a general-purpose foreign-trade zone within the Miami Customs port of entry is denied; and it is further

**ORDERED** that the Foreign–Trade Zones Board's *Remand Determination: Miami Free Zone Corporation v. United States,* 93–06–00324 is sustained; and it is further

**ORDERED** this action is dismissed.